UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

------------------------------------------------------------x
ENIKKOM CONSTRUCTION LIMITED and : 
PACJIBSON LIMITED, :
: Case No.:_____
Plaintiffs, :
:
-against- :
:
MIDWEST UNDERGROUND, INC; C & M :
PROPERTIES; and MIKE D. MURPHY :
:
Defendant(s) :
------------------------------------------------------------x

## VERIFIED COMPLAINT

TAKE NOTICE that the Plaintiffs, **Enikkom Construction Limited** and **Pacjibson Limited**, hereby appears in this action by its attorneys, Nnebe & Associates, P.C., and demands that all papers in this matter be served upon them at the address below.

Plaintiffs, **Enikkom Construction Limited** and **Pacjibson Limited** (collectively, **"Plaintiffs"**), by their attorneys, Nnebe & Associates, P.C., complaining of the defendants, **Midwest Underground Inc, C & M Properties, and Mike D. Murphy** (collectively, **"Defendants"**), upon information and belief alleges as follows:

### NATURE OF THE ACTION

1.  This is an action for breach of contract, unjust enrichment, restitution, account stated and/or for money had and received. This action further seeks damages for losses suffered by plaintiffs, including but not limited to loss of business and legal interest on amount claimed.

### JURISDICTION

2.  The jurisdiction of this Court is invoked under 28 U.S.C. §1332(2), this being an action between citizens of a State and citizens or subjects of a foreign state.

3. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiffs' federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiffs' claims under applicable State and City laws.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and agreement of the parties.

**PARTIES**

5. At all times relevant to this action, plaintiff Enikkom Construction Limited ["**Enikkom**"] is a corporation organized and existing under the laws of Nigeria, operating and having its principal place of business in Nigeria.

6. At all times relevant to this action, plaintiff Pacjibson Limited ["**Pacjibson**"] is a corporation organized and existing under the laws of Nigeria, operating and having its principal place of business in Nigeria.

7. At all times relevant to this action, and upon information and belief, defendant Midwest Underground, Inc. ("**Midwest**") is a duly registered Illinois domestic business corporation with its principal office located at 3150-5th Avenue, East Moline, IL 61244.

8. At all times relevant to this action, and upon information and belief, defendant C & M Properties ("**C & M**") is an unregistered sole proprietorship with its principal office located at 3150-5th Avenue, East Moline, IL 61244.

9. At all times relevant to this action, and upon information and belief, defendant **Mike D. Murphy** ("**Murphy**") was and still is an individual and resident of the State of Illinois with his principal place of dwelling and/or office located at 3150-5th Avenue, East Moline, IL 61244.

10. Upon information and belief, Murphy is the CEO, principal officer and sole shareholder of Midwest; Murphy is the alter ego and sole proprietor of C & M, and carries on business under the name of C & M. Upon information and belief, defendants Midwest, C & M, and Murphy (herein after, collectively **"Defendants"**) are one and the same and/or agents or alter ego of each other, and each are jointly and severally liable for the acts or omission of the other, as herein below alleged.

11. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## FACTUAL ALLEGATIONS

12. In or about May 2013, Enikkom and C & M entered into a contract wherein C & M agreed to sale to Enikkom, and Enikkom agreed to buy from C & M, certain construction and drilling equipment, machineries and accessories in the total sum of $822,185.00 (herein after "**LC-1**").

13. The equipment under the LC-1 included certain accessories for a Grundoram Hammer valued at $143,064.00. Because defendant did not have these accessories, they promised, agreed and represented that upon receipt of payment under LC-1 they will refund the sum of $143,064.00 to Enikkom (herein after **"Accessories Refund"**).

14. The equipment and machineries under the LC-1 included four (4) Frac Tanks which defendants over-invoiced from $15,000.00 to $25,000.00. Defendants promised, agreed and represented that upon receipt of payment under LC-1 they will refund the over-invoiced amount of $40,000.00 to Enikkom (herein after **"Over-invoice Refund"**).

15. In or about May 2013, Enikkom and Midwest entered into a contract wherein Midwest agreed to sale to Enikkom, and Enikkom agreed to buy from Midwest, certain construction and drilling equipment, machineries and accessories in the total sum of $2,229,780.00 (herein after "**LC-2**").

16. Upon defendants' requests and representation, Enikkom made a refundable down payment of $130,000.00 to the account of C & M (herein after **"Down Payment"**). Defendants

3

promised, represented and agreed to refund the Down Payment to Enikkom upon receipt of the full payment for LC-2.

17. In or about May 2013, Enikkom and Midwest entered into a contract wherein Midwest agreed to sale to Enikkom, and Enikkom agreed to buy from Midwest, certain construction and drilling equipment, machineries and accessories in the total sum of $1,561,850.00 (herein after "**LC-3**").

18. To induce Enikkom to purchase the equipments, machineries and accessories under LC-3, defendants promised to give Enikkom a 7.5% discount on a value of $1,470,000.00 under the LC-3 in the total amount of $110,250.00 (herein after **"Discount"**).

19. LC-1, LC-2, and LC-3 (herein after, collectively, **"Contract-1"**) were entered into by Enikkom and defendants on upon the terms and conditions that (a) defendants shall ship the equipment, machineries and accessories to Enikkom to Nigeria, C.I.F., (b) defendants shall use the services of Grandbelle International, Inc (**"Grandbelle"**) as freight forwarding agents, (c) defendants shall be responsible for payment of Grandbelle's freight forwarding charges which shall be included in Contract-1, and (d) all payment to defendants shall be made by Enikkom by confirmed irrevocable letters of credit through a first US bank.

20. In performance of its obligations under Contract-1, Enikkom fully paid defendants for the full invoiced price of Contract-1 by confirmed irrevocable letters of credit through Citibank in the total sum of $4,610,315.00.

21. Enikkom hired certain expatriates from the United States to operate the drilling equipment in Nigeria and retained the services of Midwest for the payment of the expatriates' salaries. Enikkom and Midwest agreed that (a) Midwest will be paid a commission of 5% of all salaries paid to the expatriates', (b) Enikkom shall pay to Midwest such amount as are required to pay the expatriates' salaries and Midwest commission, and (c) that Midwest shall refund to Enikkom any balance remaining after payment of the expatriates' salaries and its commission (herein after **"Contract-2"**).

4

22. In performance of its obligation under Contract-2, Enikkom wired money to Midwest for payment of the expatriates' salaries and for its 5% commission. At the completion of the expatriate employment, and after paying all the expatriates' salaries and taking its 5% commission, Midwest is obligated to refund to Enikkom the remaining balance of $49,703.00 (herein after **"Expatriates' Refund"**)

23. In or about June 2013, Pacjibson and Midwest entered into a contract wherein Midwest agreed to sale to Pacjibson, and Pacjibson agreed to buy from Midwest, certain construction and drilling equipment, machineries and accessories in the total sum of $360,650.00.00 (herein after "**Contract-3**").

24. To fully recite the details and obligations of the parties under Contract-1, plaintiffs and defendants entered into a Memorandum of Understanding executed on June 14, 2013 wherein it was agreed that:

(a) Plaintiffs shall pay Grandbelle's freight forwarding charges in advance;

(b) Upon receipt of the payments under Contract-1, defendants shall credit plaintiffs with the advance freight forwarding charges paid by Plaintiffs to Grandbelle which credit shall be towards payment on Contract-3;

(c) Defendants shall apply the Down Payment of $130,000.00 towards payment on Contract-3;

(d) Defendants shall apply the Discount of $110,250.00 towards payment on Contract-3;

(e) Defendants shall apply the Over-invoice Refund of $40,000.00 towards payment on Contract-3;

(f) The balance, if any, of the credits to plaintiffs shall be applied to any further additional purchases by plaintiffs from defendants; and

(g) Defendants shall use the Accessories Refund of $143,064.00 to purchase the

5

accessories and ship to Enikkom.

25. Despite repeated demands by plaintiffs, defendants have refused, failed and/or neglected to either (a) apply the Down Payment of $130,000.00, the Discount of $110,250.00, and the Over-invoice Refund of $40,000.00 to Contract-3, (b) to deliver the equipment, machinery and accessories under Contract-3 to Pacjibson, or (c) to refund the total sum of $280,250.00 to Enikkom.

26. Despite repeated demands by Enikkom, defendants have refused, failed and/or neglected to pay the Expatriates Refund of $49,703.00 under Contract-2 to Enikkom.

27. Despite repeated demands by Enikkom, defendants have refused, failed and/or neglected to either (a) apply the Accessories Refund of $143,064.00 to purchase the accessories and ship to Enikkom, or (b) to refund the Accessories Refund of $143,064.00 to Enikkom.

## COUNT I:
## Breach of Contract

28. Plaintiffs hereby restate paragraphs 1-27 of this complaint, as though fully set forth herein.

29. Plaintiffs allege that Contract-1, Contract-2 and Contract-3 above (herein after, collectively, **"Agreements"**) constitutes and offer and acceptance, for a consideration, with definite and certain terms, and for which plaintiffs have performed all required conditions on their part, but that defendants are in breach of the Agreement resulting in damages and injury to plaintiffs as stated below.

30. By reason of the forgoing, defendants are in breach of its promise and agreement with plaintiffs to apply the Down Payment of $130,000.00, the Discount of $110,250.00, and the Over-invoice Refund of $40,000.00 to Contract-3 and to deliver the equipments and machineries to Pacjibson, and have further refused to refund the total sum of $280,250.00 to Enikkom.

31. By reason of the forgoing, defendants are in breach of its promise and agreement with plaintiffs to pay the Expatriates Refund of $49,703.00 under Contract-2 to Enikkom.

32. By reason of the forgoing, defendants are in breach of its promise and agreement with plaintiffs to apply the Accessories Refund of $143,064.00 to purchase the accessories and ship to Enikkom, and have further refused to refund the Accessories Refund of $143,064.00 to Enikkom.

33. By reason of the foregoing plaintiffs have been damaged, including but not limited to the inability to use the equipment, machinery and accessories in its business occasioning inability to perform its existing contacts and procure future contracts and inability to use the money withheld by defendants to purchase equipment, machineries and accessories from other sources. Defendants are liable to plaintiffs for $473,017.00 under the Agreements plus interest commencing from June 14, 2013 at the statutory interest rate, together with all economic injuries suffered by plaintiffs as a result of defendants' breach.

**COUNT II:**
**Unjust Enrichment**

34. Plaintiffs hereby restate paragraphs 1-33 of this complaint, as though fully set forth herein.

35. As alleged in paragraph 30 above, defendants unjustly refused to refund the total sum of $280,250.00 (consisting of $130,000.00 Down Payment, $110,250.00 Discount, and $40,000.00 Over-invoice Refund) to Enikkom but unjustly continued to retain said sum to the detriment of plaintiff's.

36. As alleged in paragraph 31 above, defendants unjustly refused to pay the Expatriates Refund of $49,703.00 under Contract-2 to Enikkom, but continued to unjustly retain the said sum to the detriment of plaintiffs.

37. As alleged in paragraph 32 above, defendants unjustly refused to refund the Accessories Refund of $143,064.00 to Enikkom, but continued to unjustly retain the said sum to the detriment of plaintiffs.

38. Plaintiffs alleged that defendants unjustly retained benefits to the detriment of the plaintiffs in the total sum of $473,017.00, as alleged in paragraphs 35-37 above, and that defendants' retention of the benefits violates the fundamental principles of justice, equity and good conscience.

39. Plaintiffs allege that the benefits retained by defendants are either benefits mistakenly conferred on defendants, or benefits procured through defendants wrongful conduct, or benefits to which plaintiffs has a better claim than defendants for some other reasons.

40. By reason of the foregoing plaintiffs have been damaged in the sum of $473,017.00. Defendants are liable to plaintiffs for $473,017.00 for unjust enrichment plus interest commencing from June 14, 2013 at the statutory interest rate.

## COUNT III:
## Restitution

41. Plaintiffs hereby restate paragraphs 1-40 of this complaint, as though fully set forth herein.

42. Plaintiffs mistakenly paid $473,017.00 to defendants on the belief that they are obligated to do so when in fact plaintiffs are either not obligated to pay the $473,017.00 to defendants or are not bound to the full extent of the performance rendered, or goods sold, by defendants.

43. Because plaintiffs mistakenly paid the $473,017.00, defendants have been unjustly enriched by this mistake at plaintiffs' expense; defendants are required to make restitution to plaintiffs and to disgorge the benefits of $473,017.00 which will be unjust for them to keep, together with interests thereon commencing from June 14, 2013 at the statutory interest rate.

# COUNT IV:
## Account Stated

44. Plaintiffs hereby restate paragraphs 1-43 of this complaint, as though fully set forth herein.

45. On June 14, 2013, plaintiffs and defendants executed a Memorandum of Understanding which recited their prior agreement, and the amount of defendants' preexisting debts and obligations to plaintiffs. These preexisting debts and obligations that defendants owed to plaintiffs is $423,314.00, comprising of: (a) $130,000.00 Down Payment; (b) $110,250.00 Discount; (c) $40,000.00 Over-invoice Refund, and (d) $143,064.00 Accessories Refund.

46. The Memorandum of Understanding is an agreement between defendants and plaintiffs about their prior transactions and accounts thereon in the total sum of $423,314.00, with a representation by defendants that the amount of $423,314.00 representing the accounts on those transactions are true and that the balances stated are correct, together with an express or implied promise by defendants to pay the of $423,314.00 to plaintiffs.

47. The Memorandum of Understanding is an account stated between the plaintiffs and defendants, which truly determine the amount of preexisting debts between them in the sum of $423,314.00. Plaintiffs request judgment against the defendants in the sum of $423,314.00, together with interests thereon commencing from June 14, 2013 at the statutory interest rate.

**WHEREFORE**, plaintiffs respectfully request judgment against the defendants in an amount to be determined at trial, legal interests thereon, and reasonable attorney's fees, costs and disbursements.

Dated: Brooklyn, New York.
July 14, 2014.

                                            **NNEBE & ASSOCIATES, P.C.**

Okechukwu Valentine Nnebe, Esq.
255 Livingston Street, 3rd Floor
Brooklyn, New York 11217
Tel. No.: (718) 360-5808
Fax No.: (718) 360-0843
*Attorneys for Plaintiffs.*

```
                    UNITED STATES DISTRICT COURT
                    CENTRAL DISTRICT OF ILLINOIS
                           PEORIA DIVISION
```
----------------------------------------------------------x
ENIKKOM CONSTRUCTION LIMITED and    :
PACJIBSON LIMITED,                  :
                                    :     Case No.:_____
         Plaintiffs,                :
                                    :
      -against-                     :
                                    :
MIDWEST UNDERGROUND, INC; C & M     :
PROPERTIES; and MIKE D. MURPHY      :
                                    :
         Defendant(s)               :
----------------------------------------------------------x

## VERIFICATION

TONY JIBUNOH, being duly sworn, deposes and says:

I am an officer of Enikkom Construction Limited and Pacjibson Limited, plaintiffs in this action. I have read the within verified complaint and know its contents; it is true to the best of my knowledge, except as to the matters stated to be alleged upon information and belief, and as to those matter I believe them to be true. The grounds of my belief as to all matters not stated upon knowledge are documents underlying the transactions that are the subject matter of this action. I make this verification because plaintiffs are corporations. As stated above, I am an officer of plaintiffs.

_____
Tony Jibunoh

Sworn to before me this 17th
____ day of July 2014.

ANORUEWHOM TONNIE, ESQ
Notary Public and Commissioner for Oaths
Federal Republic of Nigeria
NO-344 ABA ROAD, PHC
revtonnie@gmail.com

THIS IS THE DOCUMENT REFERRED TO AS EXHIBIT